

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. O-4675
Re: Whether amount carried on books
of a bank as "Reserve for Contin-
gencies" is taxable

We acknowledge receipt of your letter of June 23, 1942, requesting our opinion as to whether a sum carried on the books of the bank as "reserve for contingencies" is taxable. Your request reads as follows:

"One of our local independent school districts have asked for an opinion on the following with reference to the question of assessable values of bank capital:

"'Is the item of 'Reserve for Contingencies' as found on bank statements assessable as surplus or undivided profits?'

"One of the bankers in this community claims that this item 'Reserve for Contingencies' represents bank notes that were questionable and that the bank examiner had questioned as to whether or not the note had much value. Will you please advise as whether this reserve is taxable?"

Article 7165, Texas, Revised Civil Statutes, 1925, provides that banks shall furnish the tax assessor with certain information. It reads as follows:

"Every bank, whether of issue or deposit, banker, broker, dealer in exchange, or stock jobber, shall at the time fixed by this chapter for listing personal property, make out and furnish the assessor of taxes a sworn statement showing:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL ...

Honorable O. J. Wilde, Page 2

"1.  If a national bank, the president or some other officer of such bank shall furnish to the assessor of the county in which such bank is located a list of the names of all the shareholders of the stock, together with the number and amount of the shares of each stockholder of stock in said bank; and the shareholders of the stock in national banks shall render to the tax assessor of the county in which said bank is located the number of their shares and the true and full value thereof.  All shares of stock in national banks not rendered to the assessor of taxes in the county where such bank is located within the time prescribed by law for listing property for taxes shall be assessed by the assessor against the owner or owners thereof as unrendered property is assessed; but the tax roll shall show the name of the owner or owners thereof as per statement furnished by the president or other officers of said bank.

"2.  National banks shall render all other bonds and stock of every kind, except United States bonds, and all shares of capital stocks or joint stock or stocks of other companies or corporations held as an investment or in any way representing assets, together with all other personal property belonging or pertaining to said bank, except such personal property as is specially exempted from taxation by the laws of the United States.

"3.  National banks shall be required to render all of their real estate as other real estate is rendered; and all the personal property of said national banks herein taxed shall be valued as other personal property is valued.

"4.  All other banks, bankers, brokers, or dealers in exchange, or stock jobbers shall render their list in the following manner:

"(1)  The amount of money on hand or in transit or in the hands of other banks, bankers, brokers or others subject to draft, whether the same be in or out of the State.

"(2)  The amount of bills receivable, discounted or purchased and other credits due or to become due, including accounts receivable, interest accrued but not due, and interest due and unpaid.

"(3) From the aggregate amount of the items named in the first and second of the last two subdivisions shall be deducted the amount of money on deposit.

"(4) The amount of bonds and stocks of every kind, except United States bonds, and all shares of capital stocks or joint stocks of other companies or corporations held as an investment or in any way representing assets.

"(5) All other property belonging or appertaining to said bank or business, including both personal property and real estate, shall be listed as other personal property and real estate."

The first three subdivisions of said Article 7165 apply only to national banks. Subdivision 4 applies to "all other banks."

Article 7166, Texas, Revised Civil Statutes, 1925, provides for the rendition of real estate owned by the banks, and for the manner of assessment of real estate of the bank and of the shares of stock owned by its stockholders in the following language:

"Every banking corporation, State or national, doing business in this State shall, in the city or town in which it is located, render its real estate to the tax assessor at the time and in the manner required of individuals. At the time of making such rendition the president or some other officer of said bank shall file with said assessor a sworn statement showing the number and amount of the shares of said bank, the name and residence of each shareholder, and the number and amount of shares owned by him. Every shareholder of said bank shall, in the city or town where said bank is located, render at their actual value to the tax assessor all shares owned by him in such bank; and in case of his failure so to do, the assessor shall assess such unrendered shares as other unrendered property. Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed. The taxes due upon the shares of banking corporations shall be a lien thereon, and no banking corporation shall pay any dividend to

Honorable C. J. Wilde, Page 4

any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer upon its books of any share, the owner of which is in default in the payment of his taxes upon the same. Nothing herein shall be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed capital in the hands of individuals."

The phrase "reserve for contingencies" indicates that the bank has set apart and segregated a part of its earned surplus for the purpose of meeting whatever contingency that may arise. That fund, by whatever name it may be called, is a part of the bank's personal property. As such it is neither assessable nor taxable to the bank. Article 7166, supra; City of Marshall vs. State Bank of Marshall, 60 C. A. 508, 127 S. W. 1083. On the other hand, as personal property, it is a part of the assets of the bank and is one of the factors to be taken into consideration by the board of equalization in fixing the value of the stock for tax purposes.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Fowler Roberts*

Fowler Roberts
Assistant

FR:ej

APPROVEDAUG 6, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN